UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
**CLERK**

2:55 pm, Nov 08, 2018

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

------------------------------------------------------X

HUNTINGTON HOSPITAL,

     Petitioner,
     -v-

                            Case No. 18-cv-02628 (SFJ)(ARL)
                            **Order Confirming Arbitration Award**

HUNTINGTON HOSPITAL NURSES'
ASSOCATION,
     Respondent.
------------------------------------------------------X

FEUERSTEIN, S., Senior District Judge

I.    <u>Introduction</u>

Petitioner Huntington Hospital ("Petitioner" or "Hospital") petitions the Court to vacate the February 4, 2018 arbitration award (hereafter, "Award"; *see* ECF No. 23-1) against it and in favor of Respondent Huntington Hospital Nurses Association ("Respondent" or "Union"). (*See* ECF No. 1 ("Petition").) Respondent opposes the vacatur of the Award, cross-petitioning for its confirmation. (*See* ECF No. 23 ("Cross-Petition").) At the October 29, 2018 initial conference in this matter, the Court informed the parties that it would be entering an order confirming the Award; this is said Order.

II.    <u>Background</u>

The Court assumes the parties' familiarity with the underlying facts, the procedural history, and the issues presented, to which it refers only as necessary to rule on Petitioner's Petition and Respondent's Cross-Petition. In sum, in 2016, the Respondent, a union of nurses, discovered that the Petitioner, a hospital and the employer of the Union's members, had unilaterally eliminated a long-standing benefit to its union members, which they had enjoyed

1

pursuant to a collective bargaining agreement (CBA) between the Union and the Hospital, *to wit*, "no-copay" outpatient physical therapy services (hereafter, the "Non-Copay Benefit").  As a result, the Union filed a grievance alleging the Hospital violated the CBA, in particular, Article 10, Section N, which provides:

> Article 10.  Monetary Benefits:  Miscellaneous
> * * *
> > N.  Past Practices.
> > > The employer shall not eliminate any generalized benefit that has been continuously enjoyed by employees for a substantial period of time which shall include, but not limited to; discounted meal program; discounted hospital services; hospital provided scrub garments; and employee health services, etc.

(CBA at 55 (ECF No. 23-4 at 62); hereafter, the "Past Practices Provision").)

Ultimately, the grievance was submitted to a mutually selected arbitrator on two stipulated issues: (1) whether the grievance was timely, and (2) assuming a timely grievance, (a) whether requiring union members to pay for the Non-Copay Benefit violated the Past Practices Provision of the CBA, and (b) if so, what remedy to impose.  (*See* Award at 2.).  After a full and fair hearing, during which the parties introduced documentary evidence and at which five (5) witnesses testified, but during which "the Hospital presented no evidence to dispute the existence of a past practice for the [Non-Copay Benefit]" (Union's Post-Hearing Letter Brief (ECF No. 23-7) at 4), and after the parties submitted post-hearing briefs, the arbitrator issued the Award: sustaining the Union's grievance; finding the grievance was timely, and that the Hospital violated the Past Practices Provision and was not permitted to unilaterally eliminate the Non-Copay Benefit; and directing the Hospital to reimburse those Union members who had paid copayments for the Non-Copay Benefit.  (*See id.* at 11.)

III.    <u>Discussion</u>

*A. Applicable Legal Standard*

"Vacatur of arbitral awards is extremely rare, and justifiably so." *Hamerslough v. Hipple*, No. 10-cv-3056, 2012 WL 5290318, at *3 (S.D.N.Y. Oct. 25, 2012). "It is well established that courts must grant an arbitration panel's decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003); *see also Folkways Music Publ'rs, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993) ("Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."). Indeed, "'[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award.'" *Trustees of the Unite Here Nat'l Health Fund v. Jy Apparels, Inc.*, 535 F. Supp.2d 426, 429 ((S.D.N.Y. 2008)(quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); further citation omitted). Hence, "confirmation of an arbitration award 'is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair*, 462 F.3d 95 at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

The Federal Arbitration Act ("FAA") identifies four (4) bases upon which a federal court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party are prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

*B. The Present Case*

The Hospital relies upon subpart (4) of FAA § 10(a) to support its position that the Award should be vacated, claiming the "Award does not draw its essence from the parties' CBA" (Petition at ¶59) and the arbitrator exceeded her powers, re-writing the CBA "to place new obligations upon the Hospital" and imposing her own form of "industrial justice" on it.  (*Id.* at ¶61; *see also* Memo. Supp. Petition (ECF No. 7) at 12; Petition at ¶¶57-64.)  Yet, the Second Circuit has "'consistently accorded the narrowest of readings' to this provision of the law." *ReliaStar Life Ins. Co. of N.Y. v. E.M.C. Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009)(quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003)).  A court's "inquiry under § 10(a)(4) thus focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997).  "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

Here, the Court finds the arbitrator acted within the authority granted to her because the parties stipulated that one of the issues to be determined by arbitration was "what shall the remedy be" if it is found that requiring Union members to make co-payments for Non-Copay Benefits violated the CBA's Past Practices Provision.  (*See* Award at 2.)  The Petitioner does not dispute that such stipulation was entered.  Moreover, it is noteworthy that the arbitrator specifically made "no determination on how the [Non-CopayB]enefit is provided," finding "only

4

that the [Hospital] violated the [CBA] by imposing a copayment when it did not charge one for over two decades when there is no evidence it negotiated a change." (*Id.* at 10-11.) Therefore, to establish the *status quo ante*, the Hospital was directed to reimburse only those Union members who had made copayments for Non-Copay Benefits. (*See id.* at 11; *see also id.* (Award No. 4)("The [Hospital] shall reimburse those [Union] members for any copayments incurred using outpatient PT services since the closure of [the Hospital's] PT facility.").) This discrete, targeted remedy in no way adds to, subtracts from or otherwise amends the CBA. (*See, e.g.*, CBA, Art. 14, § F ("Arbitrator's Powers: Limitation").) Nor, as the Petitioner argues, does it place new obligations upon the Hospital for which the parties have not bargained. (*See* Memo. Supp. Petition at 12.) Rather, it simply makes whole those Union members who would otherwise be taxed for the Hospital's violation of its obligations under the CBA.

IV.     Conclusion

        Accordingly, IT IS HEREBY ORDERED that:

A.      the Respondent's Cross-Petition seeking confirmation of the Award is granted;

B.      the Petitioner's Petition to vacate the Award is denied as moot; and

C.      the Clerk of Court is directed to enter judgment in the Respondent's favor confirming the Award and, thereafter, to close this case.

        Dated this 8th day of November 2018 at Central Islip, New York.


                                        _/s/__Sandra J. Feuerstein__
                                        Sandra J. Feuerstein
                                        United States District Judge